B. & B. CONSTRUCTION COMPANY, RELATOR, v. W. HOMER AXFORD, DIRECTOR OF STREETS AND PUBLIC IM-PROVEMENTS, AND THE CITY OF BAYONNE, RE-SPONDENTS.

Decided March 9, 1928.

Before Justices TRENCHARD, KALISCH and KATZENBACH.

For the relator, *Roberson & Roberson.*

For the respondents, *James Benny.*

PER CURIAM.

The relator, a corporation, is the owner of premises in the city of Bayonne. The plot has a frontage of eighty feet along the westerly side of Avenue A and a depth of one hundred and thirteen feet on West Thirty-third street.

On January 27th, 1927, the relator filed an application for a building permit for the erection, on the plot mentioned, four three-story brick attached buildings, to be used for stores and dwelling apartments, accompanying the application with plans therefor, with the building inspector of the city of Bayonne, who refused to issue the permit, because a protest had been filed by property owners living in the vicinity of the premises owned by the relator, protesting against the erection of any building to be used as stores. It is conceded that the plans for the proposed building complied with all the requirements of the building code of that city.

It further appears that within ten days after the permit was refused by the building inspector, the relator filed an appeal from the former's refusal to the board of commissioners of the city of Bayonne, which board, by resolution, adopted February 1st, 1927, affirmed the action of the building inspector in refusing to issue the permit.

Testimony taken under the rule to show cause why an alternative or peremptory writ of *mandamus* should not issue, discloses no valid reason why the building permit is refused.

The only ground of refusal, as has been stated, was a protest filed by property owners living in the locality. There was no testimony that the proposed erection of the buildings was in violation of any city ordinance of Bayonne or that their erection in any wise violated any of the requirements of the building code.

We think, therefore, that a peremptory writ should issue, and it is so ordered.